**YAN QING TIAN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–0208–ag.**

United States Court of Appeals, Second Circuit.

Nov. 13, 2008.

---

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Stephen J. Flynn, Senior Litigation Counsel, Office of Immigration Litigation; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Qing Tian, a citizen of the People's Republic of China, seeks review of a December 26, 2007 order of the BIA affirming the February 13, 2006 decision of Immigration Judge ("I J") Noel Ferris denying Tian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Qing Tian,* No. A78 444 680 (B.I.A. Dec. 26, 2007), *aff'g* No. A78 444 680 (Immig. Ct. N.Y. City N.Y. Feb. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Tian concedes that the IJ's adverse credibility determination was sufficiently supported by the record, and thus has waived any challenge to that finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). Accordingly, the only issue before this Court is whether the agency erred in finding that Tian submitted a frivolous asylum application. We identify no such error.

If, after advising an alien of the consequences of filing a frivolous asylum application, the Attorney General determines that an alien has knowingly filed such an application, the alien shall be "permanently ineligible for any benefits" under the immigration laws. 8 U.S.C.

§ 1158(d)(4)(A), (d)(6). An asylum application is considered frivolous "if any of its material elements is deliberately fabricated. Such finding shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20.

Because of the "serious consequences of a frivolousness finding, the regulation provides a number of procedural safeguards." *In re Y–L–*, 24 I. & N. Dec. 151, 155 (B.I.A.2007). The agency must (1) put the alien on notice of the consequences of filing a frivolous application and (2) make a specific finding that the alien knowingly filed a frivolous application; there must also be (3) sufficient evidence in the record to support the agency's finding that a material element of the asylum application was deliberately fabricated and (4) an indication that the alien was afforded sufficient opportunity to account for any discrepancies or implausibilities in the claim. *See id.*; *see also Biao Yang v. Gonzales*, 496 F.3d 268, 275 (2d Cir.2007). An adverse credibility determination does not, by itself, support a finding that an asylum application is frivolous. *See In re Y–L–*, 24 I. & N. Dec. at 156. Accordingly, even when an IJ finds an applicant not credible, as the IJ did in Tian's case, the IJ must address the question of frivolousness separately and discuss the evidence that supports the finding that the applicant deliberately fabricated a material element of her asylum claim. *See id.* A frivolousness finding must be supported by a preponderance of the evidence. *See id.* at 157.

We agree with the BIA that the IJ provided Tian all the procedural safeguards necessary for a frivolousness finding. Petitioner concedes that the IJ satisfied the first two requirements when she advised Tian of the consequences of filing a frivolous application and specifically found that Tian's application was frivolous.

There is also sufficient evidence to support the IJ's determination that Tian knowingly and deliberately fabricated material elements of her asylum claim. *See Matter of Y–L–*, 24 I. & N. Dec. at 158; *see also Biao Yang v. Gonzales*, 496 F.3d at 275. The IJ extensively reviewed the inconsistencies and implausibilities in Tian's testimony and noted that Tian was "one of the least convincing witnesses the Court has had." The IJ then separately turned to the issue of frivolousness, focusing on Tian's account of the extortionate confrontation with cadres at her parents' shop. Tian concedes the materiality of this account, which provides the basis for her claim that, some fourteen months later, officers came to her home to arrest her and her family, prompting her flight to the United States.

The IJ found that Tian's story about the altercation in her parents' shop was knowingly and deliberately fabricated, noting that "the respondent has clearly just invented a new story on the day of the hearing." The IJ concluded that these "false statements [were] made expressly in an effort to gain asylum in the United States." *Cf. Biao Yang v. Gonzales*, 496 F.3d at 278 (granting petition for review of frivolousness decision in part because "the IJ did not find that the inconsistencies or discrepancies were 'deliberate' or 'material'"). The IJ's conclusion is supported by reference to Tian's demeanor, Tian's failure to recount this key incident at any time during the three years between her asylum application and the final merits hearing, and by the inconsistencies between Tian's testimony and other record evidence.

Finally, the IJ satisfied the fourth procedural requirement by putting Tian on notice during the merits hearing that the

**68**

IJ was considering issuing a "lifetime bar" for frivolousness based on Tian's incredible testimony about the altercation. The IJ warned, "I will, frankly, state for the record that I believe this record is getting more and more far-fetched and is going straight into a lifetime bar potentially." Tian was given an opportunity to account for the "discrepancies or implausibilities" in her claim, but she failed to do so. Rather, "when asked to provide fill-in details or explanations [Tian] would usually be silent, would always be hesitant when she was not totally silent, [and] looked at the ceiling probably 15 or 16 times during the hearing when asked to explain something." *Cf. Biao Yang v. Gonzales,* 496 F.3d at 278 (granting petition for review of frivolousness decision in part because "the IJ did not inform the petitioner that she was considering a frivolousness finding during the course of the proceedings"). Accordingly, we conclude that the IJ satisfied the procedural requirements for making a frivolousness finding. We will not disturb that finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).